United States District Court
for the Southern District of Mississippi

Frederick Banks,
#05711-068, 1A upper
PO Box 5000
Yazoo City, MS 39194;
            Plaintiff,

    v.

Federal Bureau of Prisons;
L. Meese, Co & Compound Supervisor;
Chaplain Holsten, United States
of America, 2225 Haley Barbour Parkway
Yazoo City, MS 39194; Defendants.
Federal Bureau of Prisons
320 First St., NW
Washington, DC 20534

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
SEP - 8 2009
J T NOBLIN, CLERK
BY _____ DEPUTY

Civil Action No.

5:09cv147 DCBMTP

JURY TRIAL Demanded

## Complaint

Plaintiff Frederick Banks ("Banks") a federal inmate confined at FCC Yazoo City in Mississippi alleges and represents as follows. All defendants are sued in their individual and personal capacities, individually and severally.

### allegations

1. On July 24, 2009 through July 27, 2009 at FCC Yazoo City (Low) a federal prison in Mississippi Co Price, Compound AM Supervisor provided inmate Meese, a clerk my personal agency records, namely a pay time sheet and Callout sheet. Meese stated that Price told him to reduce my pay. At the same time Price/Meese reduced my pay they increased other inmates pay of different races including black and white, an adverse determination. This was done because of my class based status as a black Native American. The white and black inmates, separate classes were unaffected. This purposeful discrimination was not merely incidental but intentional. In violation of the Privacy Act 5 USC § 552a and The Equal Protection Clause of the Fifth Amendment.

2. I did not authorize Price, a BOP official to provide my Privacy Act pay and call out sheet records to an inmate, namely Meese, for any purpose and especially for the foregoing abusive and discriminatory

1 of 5

Banks submitted Privacy Act remedies to the BOP Director who never responded. Banks also requested a BP 8, 9, 10, and 11 from Counselor Jackson. Jackson gave Banks the remedies but failed to process them upon return. Therefore Banks exhausted his available remedies by submitting remedies to Jackson in July, 2009. 7.

purports. Also in violation of PS 5251.06; PS 1040.08, PS 1351.04, 28 CFR §§ 545.20; 551.90 and PS 5800.11 at 12b (stating that (1) files may never be left unsecured or handled in such a way as to be accessible to unauthorized persons. Staff shall ensure that inmates do not transport files and confidential materials. Meese on July 24, 2009 transported my Privacy Act file into his housing Unit under Price's authorization. On July 27, 2009 when I noticed Price still had the files and was literally walking around the compound with a brown/tan folder containing them I approached Price and informed him that allowing Meese to do this violated the Privacy Act. Price stated "whats so private about it..... It's just a piece of paper", Meese was allowed by Price to continue to traverse the compound with the files. Price's activity was therefor wilful, intentional, purposeful, knowing and intelligent violation of the Privacy Act. As such he is liable along with the other defendants to Banks in the amount of $2,000.00 and up for the Privacy Act violations and $130,000.00 for the other violations along with punitive damages of $264,000 totaling $396,000.00.

3. During 2007 to 2009, which I first became aware of in July of 2009 when Case manager L. Chisolm allowed me to first view my central file, the BOP and Yazoo City staff maintained inaccurate records agency on me in my central file in a system of record which were false records, namely that I was "fighting" at Butner LSCI and other lies and that I contained personal information about a FPC Cannon Warden in violation of the Privacy Act 5 USC 552a. As such defendants are liable to me in the amount of $2,000.00 for maintaining records they knew or should have known was false, and I took the liberty to inform them of such but they continued to maintain the false and fraudulent information. I was denied a transfer to a camp/minimum custody prison because of the inaccurate information, an adverse determination under the Privacy Act, even though I had only 5 security camp points.

2 of 5

Also, the Bop continued the management variable on me beyond 24 months (Greater security) in violation of the Program Statement and the CFR. The Bop had a contract duty under 18 USC # 4041 et seq to keep me safe from harm. By housing me in a higher custody prison with violent and mentally ill inmates the Bop violated their duty and breached the contract. I was damaged when I had to be housed with dangerous inmates when as a non violent inmate I should've been housed at a camp. Under the Little Tucker Act I therefore am entitled to $10,000.00 on this claim.

4. Chaplain Holden in 2009 and the Bop failed to provide me with equal access to the chapel and land use so I could practice my religion, Thelema in violation of the First Amendment, the Religious Freedom Restoration Act, the Religious Land Use Act and Due process. Also, no books, or other religious items, meals etc of Thelema were provided in fact these items were completely denied. Equal Access was denied. But other classes of religions namely Catholics, Christians etc were able to freely practice. A Thelemic, myself a separate class was not in violation further of the Equal Protection Clause. This discrimination was purposeful not incidental. As such Holden and Defendants are liable to me since I was damaged when I could not practice my religion for two years in the amount of $2,000,000.00. The government interfered without any legitimate or significant governmental interest in the free exercise of my religion. For starters Thelema is a peaceful pagan religion based on the Gods and Goddesses of ancient egypt. "Thelema was founded by Aleister Crowley in 1904, and has its central tenet "Do what thou wilt." Koger v. Bryan, 523 F3d 789, 794 (7th Cir 2007).

As to the Privacy Act claims the Defendants "had a duty to address the accuracy of the record at some point before using it to make a determination adverse to" myself. Patel v. United States, 2009 US Dist Lexis

41941 (Oc ok 2009). The Bop failed to do this when it twice denied my transfer requests without first checking if the files were accurate and relied on inaccurate records in doing so. The Bop had a duty to maintain and check on the accuracy of the records pursuant to PS 5800.11 at 15c Inmate Challenge to Information and 18 USC § 4042. Also see 28 CFR § 541.12

WHEREFORE, The Plaintiff Frederick Banks, respectfully demands Judgment be entered against Defendants and for plaintiff in an amount exceeding $400,000.00 plus costs interests and fees, and declaratory and injunctive relief to end the recurring violations.

Respectfully Submitted,

Frederick Banks
#05711-068 r-1Au
PO Box 5000
Yazoo City, MS 39194

PLAINTIFF

Privacy Act - Damages Request

(certificate of Identity attached) See PS 5800.11 at 126. (U files may never be left unsecured or handled in such a way as to be accessible to unauthorized persons. Staff shall ensure that inmates do not transport files and confidential materials. (Meese an inmate transported my files into his housing unit, Price authorized him to do this in violation of PS 5800.11)

BP-S148.055
SEP 98

**INMATE REQUEST TO STAFF** CDFRM

U.S. DEPARTMENT OF JUSTICE                FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) | DATE: |
|---|---|
| Harley Lappin, Director FBOP | 7/25/09 |
| FROM: Frederick Banks | REGISTER NO.: |
| Executed under the penalty for perjury. | 057H-068 |
| WORK ASSIGNMENT: Compound AM | UNIT: 1A upper |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.

On July 24, 2009 at FCC Yazoo City (Low) a federal prison in Mississippi Co Price, Compound AM supervisor provided inmate Meese, a clerk my personal agency records, namely a pay sheet. Meese stated that Price told him to reduce my pay. At the same time Price/Meese reduced my pay they increased other inmates pay of different races, an adverse determination. This was done because of my class based status as a black Native American in violation of the Privacy Act, 5 USC & 552a. I did not authorize Price, a Bop official to provide my Privacy Act pay records to an inmate, namely Meese, for any purpose and especially for the foregoing abusive purposes. Also in violation of PS 5251.06; PS 1040.0 PS 1351.04. 28 CFR 88 545.20; 551.90. I contest these willful and intentional actions pursuant to the exemptions (Do not write below this line) that do not apply under 5 USC & 552a(d). The records in 28 CFR & 16.97(a) is not inclusive of the records I seek

DISPOSITION: damages for in an amount exceeding $1,000.00.

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

Exhibit A

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

5 of 5

FILM IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER    SECTION 6