IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**FREDERICK BANKS**                                                          **PLAINTIFF**

**V.**                                               **CIVIL ACTION NO. 5:09cv147-DCB-MTP**

**FEDERAL BUREAU OF PRISONS,** *et al.*                         **DEFENDANTS**

## ORDER REGARDING SERVICE OF PROCESS

This matter is before the court *sua sponte* for case management purposes. On September 8, 2009, Plaintiff filed his Complaint [1] and paid the filing fee in the amount of $350.00. *See* Complaint [1] and Docket Entry dated 9/8/09.

On September 9, 2009, the Clerk of Court sent a Memorandum [2] to Plaintiff advising him that he is responsible for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. The Clerk enclosed summons forms and provided Plaintiff with instructions for the issuance and service of process pursuant to Rule 4, and provided Plaintiff with a copy of Rule 4. Plaintiff was warned that his failure to serve process in accordance with Rule 4 could result in the dismissal of this case.

Rule 4(c) provides that the "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Rule 4(m) provides that if the Plaintiff fails to serve the defendants with the complaint within 120 days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant . . . ." Fed. R. Civ. P. 4(m).

Because Plaintiff is not proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, the court and the U.S. Marshal's office have no obligation to assist Plaintiff with the service of process. *See* Fed. R. Civ. P. 4(c); Local Rule 4.1(B) ("The United States Marshal does not serve

process in civil actions except on behalf of the federal government, in actions proceeding in forma pauperis, on writs of seizure and executions of judgments, and when otherwise ordered by a federal court."); *see also Whiting v. Alvarado*, No. 2:03cv53, 2004 WL 527793, at *1-2 (N.D. Tex. Mar. 17, 2004) (denying plaintiff's motion for service of process by U.S. Marshal where plaintiff was not proceeding *in forma pauperis*). Accordingly,

IT IS, THEREFORE, ORDERED:

1. That Plaintiff must serve the Defendants with the summons and compliant by January 20, 2010,[1] and must file the proof of service of the summons and complaint by the server's affidavit pursuant to Rule 4(l).

2. That Plaintiff's failure to properly serve process in accordance with Rule 4 will result in the dismissal of any unserved Defendant from this action without prejudice.

3. That it is the Plaintiff's responsibility to prosecute this case. Failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and contumacious act by the Plaintiff and may result in the dismissal of this case.

SO ORDERED this the 16th day of October, 2009.

s/ Michael T. Parker
United States Magistrate Judge

---

[1] Although Plaintiff's original Complaint was filed and his filing fee was paid on September 8, 2009, his second Amended Complaint [5] was not filed until September 22, 2009. Weighing all doubts in Plaintiff's favor, the court considers the 120-day time limitation to have begun on September 22, 2009.