# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**FREDERICK BANKS**                                                                **PLAINTIFF**

**V.**                                                   **CIVIL ACTION NO. 5:09cv147-DCB-MTP**

**FEDERAL BUREAU OF PRISONS,** *et al.*                               **DEFENDANTS**

## ORDER

THIS MATTER is before the court on the Plaintiff's Motion to Amend [7], Motions to Substitute Party [12][20], and *sua sponte* for case management purposes. Having considered the Plaintiff's motions, along with documents made a part of the record and the applicable law, the court finds that the Plaintiff's Motion to Amend [7] should be denied, his Motion to Substitute Party [12] should be granted and his Motion to Substitute Party [20] should be denied. The court further finds that Plaintiff's second amended complaint [5] should be stricken for the reasons set forth below.

Plaintiff Frederick Banks, proceeding *pro se*, filed his original complaint [1] pursuant to 28 U.S.C. §1331 on September 8, 2009, naming the following Defendants: the Federal Bureau of Prisons ("BOP"), L. Meese, Chaplain Holsten, and the United States of America. In his original complaint, Plaintiff alleges the following claims: discrimination (regarding reduction in pay rates based on race and nationality); violation of the Equal Protection Clause (regarding reduction in pay rates and the denial of freedom of religion based on race and nationality); violation of the Privacy Act (regarding disclosure of time sheet and pay rate information); violation of various BOP Program Statements and C.F.R. sections (regarding disclosure of private files and information); false record keeping by the BOP (preventing him from transfer to another facility);

violation of the Little Tucker Act;[1] and violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") (regarding denial of access to the chapel and other religious material).[2]

Plaintiff filed his Amended Complaint/Supplement to Complaint [3][4] (the same document) on September 18, 2009. In his first amended complaint, Plaintiff names the following additional Defendants: Lt. Crowe, C.O. Hern, Phillip Jackson, L. Chisolm, Bruce Person, M. Brown, C. Brown, V. Jones, Larry Randle, Eric Holder, and Dunn Lampton. Through his first amended complaint [3][4], Plaintiff adds the following claims: Phillip Jackson failed and/or refused to accept his administrative remedy requests; unreasonable searches and seizures by C. Brown, M. Brown, and V. Jones in violation of the Fourth Amendment, the Eighth Amendment, and the Little Tucker Act; Lt. Crowe and Lt. Hern deprived him of three meals; denial of medical care; failure to conduct proper six-month program review by Phillip Jackson, L. Chisolm, Bruce Pearson, and Larry Randle; and discrimination and violation of the Equal Protection Clause (regarding searches based on his race and nationality).[3]

Plaintiff filed his second amended complaint [5] on September 22, 2009, without leave of court, naming the following additional Defendants: Harley Lappin, Ms. Hamden, and the American Correctional Association ("ACA"). Plaintiff's second amended complaint contains allegations regarding overcrowding and conditions of confinement, which are completely unrelated to his original complaint and amended complaint, with the exception of paragraph 45 of the pleading (dealing with his program review).

---

[1] *See* 28 U.S.C. § 1491(a)(1); 28 U.S.C. § 1346(a).

[2] The court makes no finding as to whether such claims are meritorious.

[3] *See supra*, footnote 2.

2

Pursuant to Fed. R. Civ. P. 15(a)(1), "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it . . . ." Fed. R. Civ. P. 15(a)(1). Plaintiff amended his complaint once, as set forth above, within the requirements of the rule. *See* Amended Complaint [3][4]. However, "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). As stated above, Plaintiff did not seek leave of court and there is no evidence he obtained the opposing parties' written consent. As Plaintiff's second amended complaint contains allegations regarding overcrowding and conditions of confinement, which are completely unrelated to his original complaint and amended complaint, the court finds that the amendment should not be allowed, and with the exception of paragraph 45 (discussed below), the second amended complaint should be stricken. Allowing Plaintiff to continue to add claims and parties as they arise will only delay the disposition of the numerous claims and parties currently before the court. *See Singletary v. St. Tammany Parish Sheriff*, No. Civ. A. 05-299, 2005 WL 3543826, at *1 (E.D. La. Nov. 17, 2005) (denying plaintiff's motion to amend, reasoning that "[j]ustice does not require that he be allowed to continually amend his complaint to add new claims as they occur . . . . At some point, continual revisions to the complaint to add new claims thwart the ends of justice, in that they delay resolution of the pending claims"). Thus, Harley Lappin, Ms. Hamden, and the ACA are not properly before the court and should be dismissed without prejudice. If Plaintiff wishes to bring these additional claims and parties before the court, he may file a separate complaint.

Paragraph 45 of Plaintiff's second amended complaint [5] contains allegations regarding the Defendants' failure to conduct a proper six-month program review based on discrimination, which denied him of the opportunity to be considered for transfer to another facility. To the extent this paragraph supplements the similar allegation made in Plaintiff's first amended complaint [3][4] as set forth above, the pleading is allowed.

Plaintiff filed his third amended complaint [7] on October 20, 2009, without leave of court, naming the following additional Defendants: K. Everett and President Barack Obama. The Clerk correctly construed this pleading as a motion for leave to amend. Plaintiff's third amended complaint contains allegations regarding retaliation and discrimination, which are unrelated to his original complaint and amended complaint. For the same reasons set forth above, this amendment should be denied. If Plaintiff wishes to bring these additional claims and parties before the court, he may file a new action.

Plaintiff's Motion [12] seeking to substitute Defendant L. Meese, named in the original complaint, with L. Price should be granted. Plaintiff is responsible for the issuance and service of process for Defendant Price. *See* Fed. R. Civ. P. 4; L.U. Civ. R. 4; *see also* Order [6].

Plaintiff's Motion [20] seeking to substitute Defendant Ms. Hamden with Angela Hayner should be denied. Ms. Hamden was named in Plaintiff's second amended complaint [5], which the court finds should be stricken as set forth above. Accordingly, this request is moot.

IT IS, THEREFORE, ORDERED:

1. Plaintiff's Motion to Amend [7] is DENIED. Accordingly, K. Everett and President Barack Obama will not be added as Defendants to this action.

2. Plaintiff's second amended complaint [5] is hereby stricken with the exception of paragraph 45 to the extent it supplements Plaintiff's first amended complaint [3][4]. Accordingly, the following Defendants shall be dismissed without prejudice: Harley Lappin, Ms. Hamden, and the American Correctional Association.

3. Plaintiff's Motion to Substitute Party [12] is granted. Defendant L. Meese is hereby dismissed and shall be replaced with Defendant C.O. Price. Plaintiff is responsible for the issuance and service of process for Defendant Price.

4. Plaintiff's Motion to Substitute Party [20] is denied.

5. The second amended complaint [5] having been stricken, ACA's Motion to Dismiss [13] is denied as moot.

6. Defendants Bruce Pearson, Chaplin Holsten and the BOP shall file a response to Plaintiff's Motion for Temporary Restraining Order [16] by March 5, 2010, when their answers or other responsive pleadings are due.[4] *See* Order [22].

7. It is the Plaintiff's responsibility to prosecute this case. Failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and contumacious act by the Plaintiff and may result in the dismissal of this case.

SO ORDERED this 17th day of February, 2010.

s/ Michael T. Parker
United States Magistrate Judge

---

[4]The Motion [16] also seeks relief against Harley Lappin. However, as set forth above, Harley Lappin is no longer a party to this action.