IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**FREDERICK BANKS**                                                                       **PLAINTIFF**

**V.**                                                                 **CIVIL ACTION NO. 5:09cv147-KS-MTP**

**FEDERAL BUREAU OF PRISONS,** *et al.*                                 **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on the Plaintiff's Motion for Temporary Restraining Order [16]. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Motion [16] should be DENIED.

### FACTUAL BACKGROUND

On December 14, 2009, Plaintiff Frederick Banks filed a Motion for Temporary Restraining Order [16].[1] In his Motion [16], Plaintiff seeks a temporary restraining order enjoining Defendants Bruce Pearson, Chaplain Holsten and the Federal Bureau of Prisons ("BOP")[2] from preventing his equal access to the chapel to practice his religion, Thelema.[3] Plaintiff claims he has been a practicing Thelemite since 1996. Plaintiff states that he has been trying to gain the right to practice his religion in the BOP system. Plaintiff claims he requested

---

[1]Plaintiff filed his motion before the Defendants were served with process. Once all Defendants were served with process, the court granted them an extension of time until July 7, 2010 to file their response to the motion. *See* Orders [23][25][28]; Text Order dated 7/1/2010.

[2]Plaintiff also sought relief against Harley Lappin; however, Lappin was dismissed from this action without prejudice on February 17, 2010. *See* Order [23].

[3]Thelema was founded by Alester Crowley, "a very powerful mystic and scholar from England." *See* Ex. A, Attachment 2 to Response [36-1] at 30. The central cornerstone of Thelema is "Do what thou wilt shall be the whole of the law." *Id*. "Thelema is a peaceful religion that accepts all faiths and the purpose is that you are going through life on a path and you encounter ordeals that you must use persisten[ce] and reasoning to work through." *Id*.

access to the chapel at the Federal Correctional Complex at Yazoo City in 2007. He claims he recently asked Chaplin Holsten about the status of his request and he told him it was never processed. Plaintiff resubmitted his request in 2009, and was informed on December 10, 2009 that it was denied. He claims that such denial violates his First Amendment and equal protection rights.

Plaintiff seeks the implementation of a Thelema group time of a least two hours a week at the chapel, materials, candles, incense, matches, robes, caldrons, salt, mixing bowls, pentagrams, "Anichs," outside land, access to the large screen and sound system in the big chapel, access to chapel instruments and equipment including the right to have literature displayed in the lobby, videos, DVD's and books in the chapel library.

Defendants filed their Response [36] in opposition to the motion on July 7, 2010, claiming that Plaintiff has failed to show the necessary elements to be entitled to the extraordinary relief a temporary restraining order.

ANALYSIS

A party requesting a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury must outweigh any damage that the injunction will cause to the adverse party; and 4) the injunction must not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell,* 248 F.3d 411, 419 n.15 (5th Cir. 2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune,* 534 F.2d 1115, 1121 (5th Cir. 1976).

Plaintiff has failed to demonstrate a substantial likelihood of success on the merits for his religious claims. As an initial matter, Defendants point out that Plaintiff has not exhausted his administrative remedies for his religion claims. *See* Response [36]; Ex. 1 to Motion [29]. As such, his claims may ultimately fail on this basis alone. *See Porter v. Russels*, 534 U.S. 516, 524 (2002) (holding that federal prisoners filing suit under *Bivens* "must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit"); *see also Schipke v. Van Buren*, 239 Fed. Appx. 85, 86 (5th Cir. 2007). Plaintiff claims that BOP staff refused to provide him with the proper forms to file an administrative remedy on these claims,[4] and thus, "the administrative remedy process is not available." *See* Motion [16] at 2. In his Reply [37], Banks claims that the BOP failed to properly address and process his administrative remedy requests.

The court finds that Banks has failed to establish a substantial likelihood of success on the merits regarding his religion claims because he has not met his burden of demonstrating that he has exhausted his claims or that he should be excused from doing so. *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006) (holding that a prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary"); *Lane v. Harris Cty. Med. Dep't*, No. 06-20935, 2008 WL 116333, at *1 (5th Cir. Jan. 11, 2008) (stating that under the PLRA, "the prisoner must not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules"). However, the court also will address the merits of the claims for purposes of a TRO.

---

[4]The court makes no finding that the BOP refused to provide Plaintiff with the requisite forms.

3

This court reviews Plaintiff's First Amendment claim under the standard set forth by the Supreme Court in *Turner v. Safley*: whether the regulation is "reasonably related to legitimate penological interests." 482 U.S. 78, 89 (1987); *see also Mayfield v. Texas Dept. of Criminal Justice*, 529 F.3d 599, 607 (5th Cir. 2008). In determining the reasonableness of the prison regulation, we consider the following four factors:

> (1) whether there is a "valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) "whether there are alternative means of exercising the right that remain open to prison inmates"; (3) "the impact accommodation ... will have on guards and other inmates, and on the allocation of prison resources generally"; (4) whether there are "ready alternatives that could fully accommodate[ ] the prisoner's rights at *de minimis* cost to valid penological interests."

*Mayfield*, 529 F.3d at 607 (quoting *Turner*, 482 U.S. at 89-91). The *Turner* standard "also includes a neutrality requirement-'the government objective must be a legitimate and neutral one ... [and] [w]e have found it important to inquire whether prison regulations restricting inmates' First Amendment rights operated in a neutral fashion.'" *Mayfield*, 529 F.3d at 607 (quoting *Turner*, 482 U.S. at 90).

"A prisoner's First Amendment rights may be circumscribed when legitimate penological objectives such as institutional order and security outweigh the concerns associated with preservation of the inmate's right." *Schmidt v. Johnson*, 75 F. App'x 218, 220 (5th Cir. 2003). Moreover, prison officials are afforded great deference in making decisions regarding jail security. *Oliver v. Scott*, 276 F.3d 736, 745 (5th Cir. 2002).

The record reflects that the BOP has authorized Plaintiff to practice Thelema as an individual practitioner. *See* Holston Decl., Ex. A to Response [36]. This allows Plaintiff to access religious study materials and literature pursuant to BOP Program Statement 5266.10,

4

Incoming Publications, and the ability to meet his personal and devotional needs within the confines of his assigned living space. He was also authorized to obtain a religious medallion and tarot cards as a part of his personal religious property. Further, Plaintiff was allowed to contact religious leaders from the community and clergy visits may be permitted in accordance with local visitation procedures. *Id.*

However, the declaration of David Holsten, Supervisory Chaplin, reflects that the BOP cannot grant individual practitioners of a given religious belief, such as Thelema, the same exact accommodations as inmates who are part of the larger religious groups because it would strain staffing and institution resources. *Id.* Chaplin Holsten states that given the limited resources of the BOP, it would be impossible to accommodate every individual practitioner with a weekly service in the chapel. Accordingly, the BOP, as a less restrictive alternative, permits inmates to practice as individual practitioners. *Id.*

Chaplin Holsten points out that Plaintiff participated in the Wiccan religious services on a weekly basis in the institution's chapel. Additionally, Plaintiff was provided with opportunities to view religious videos, had access to religious materials and items, and was permitted clergy visits had they been requested. *Id.*

Applying the *Turner* factors, the actions taken by Defendants appear reasonably related to a legitimate penological interest. The BOP allows Plaintiff to practice Thelema as an individual practitioner while reasonably limiting his request as set forth above. Moreover, the record reflects that forcing the BOP to accommodate every religion without some limitations would be unduly burdensome to staff and threaten security. Finally, there is no evidence of an alternative that would fully accommodate Plaintiff's needs at a *de minimis* cost to valid

5

penological concerns. *See supra Mayfield*, 529 F.3d at 607 (quoting *Turner*, 482 U.S. at 89-91). Accordingly, Plaintiff has not demonstrated a likelihood of success on the merits as to his First Amendment claim and thus, he is not entitled to the extraordinary remedy of injunctive relief.[5]

The undersigned reaches the same result when Plaintiff's claim is analyzed under the Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. § 2000bb *et seq*.[6] The RFRA mandates that the "Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability," unless "it demonstrates that application of the burden to the person – (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000bb-1(a)-(b). RFRA authorizes any "person whose religious exercise has been burdened" in violation of the statute to "assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief . . . ." 42 U.S.C. § 2000bb-1(c).

The court applies a burden-shifting analysis to evaluate Plaintiff's claims under the RFRA. *Gonzales*, 546 U.S. at 428-29. First, Plaintiff must demonstrate that the Defendants substantially burdened his sincere exercise of religion. *See id.*; 42 U.S.C. § 2000bb-1(a), (c). The burden then shifts to the Defendants to demonstrate that the burden imposed on Plaintiff's

---

[5]The court notes that Plaintiff's Reply [37] disputes the position taken by the Defendants in their Response [36]; however, Plaintiff's arguments do not meet the high burden of demonstrating a substantial likelihood of success on the merits as to his First Amendment claim.

[6]As Defendants point out, in *City of Boerne v. Flores*, 521 U.S. 507 (1997), the Supreme Court held that Congress exceeded its authority in making RFRA applicable against state and local governments. However, the Court later confirmed RFRA's validity as applied to actions of the federal government. *See Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418 (2006); *see also Tubby v. Bureau of Prisons*, No. 1:04cv499, 2007 WL 2461798, at *3 (E.D. Tex. Aug. 24, 2007) (holding that federal government and federal prisons remain subject to RFRA).

exercise of religion "(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that government interest." 42 U.S.C. §§ 2000bb-1(b), 2000bb-2(3). The alleged burden must be more than an inconvenience; "[t]he burden must be substantial and an interference with a tenet or belief that is central to a particular religion's doctrine." *Samak v. Satcher*, No. 1:04-CV-623, 2007 WL 2708284, at *4 (E.D. Tex. Sept. 12, 2007) (citing *Bruant v. Gomez,* 46 F.3d 948, 949 (9th Cir.1995)).

Plaintiff has not established that the BOP's limitations set forth above substantially burden the central tenants of Thelema. The BOP has authorized Plaintiff to practice Thelema as an individual practitioner, which allows him to access religious study materials and literature and the ability to meet his personal and devotional needs within the confines of his assigned living space. *See* Holston Decl., Ex. A to Response [36]. He was also authorized to obtain a religious medallion and tarot cards as a part of his personal religious property, and to contact religious leaders from the community and request clergy visits. Plaintiff has not demonstrated that Defendants' actions resulted in anything more than an inconvenience. Accordingly, likelihood of success on the merits of his RFRA claim has not been demonstrated.

Finally, Plaintiff is not entitled to a TRO on his Equal Protection Clause claim. In order to establish a violation of the Equal Protection Clause, Plaintiff "must allege and prove that he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Schmidt,* 75 F. App'x at 219 (quoting *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir.2001)). A "[d]iscriminatory purpose in an equal protection context implies that the decision-maker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable

group." *Schmidt,* 75 F. App'x at 220 (quoting *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir.1995)).

As set forth above, the BOP has authorized Plaintiff to practice Thelema as an individual practitioner. *See* Holston Decl., Ex. A to Response [36]. Other than his conclusory allegation,[7] Plaintiff has failed to offer any evidence to establish that Defendants' reason for denying the remainder of Plaintiff's requests and for denying Plaintiff the same services and rights afforded to larger religious groups (i.e., Christian, Muslim, and Jewish faiths) stemmed from a discriminatory intent. *See Schmidt,* 75 F. App'x at 219-20. The record reflects that it would be burdensome to staff and threaten security for the BOP to accommodate every religion without some limitations. *See* Holston Decl., Ex. A to Response [36]. Accordingly, Plaintiff has not demonstrated a likelihood of success on the merits as to his Equal Protection Clause claim.

Plaintiff has also failed to establish a substantial threat of irreparable injury if a TRO is not granted. As set forth above, Plaintiff is not being prevented from practicing Thelema. To the contrary, he has been granted permission by the BOP to practice as Thelema as an individual, and has been given access to certain materials and services. The limitations enforced by the BOP do not result in irreparable injury. Based on the foregoing, Plaintiff is not entitled to the extraordinary remedy of injunctive relief.

## RECOMMENDATION

As Plaintiff has failed to demonstrate the elements necessary to receive the requested injunctive relief, it is the recommendation of the undersigned that Plaintiff's Motion for Temporary Restraining Order [16] be DENIED.

---

[7]Plaintiff states "This purposeful discrimination was not incidental but purposeful." Motion [16] at 2.

NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED this the 23rd day of July, 2010.

                                                         s/ Michael T. Parker
                                                        United States Magistrate Judge