IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FREDERICK BANKS

VS.                                                          CIVIL ACTION NO. 5:09cv147-KS-MTP

FEDERAL BUREAU OF PRISONS, ET AL

ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DENYING PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER [16]

This cause is before the Court on Motion for Temporary Restraining Order [16] filed by Frederick Banks ("Petitioner"), Objection to the Report and Recommendation hereto filed by Petitioner [41], and Response to Objection by Defendants [43]. The Court has considered the pleadings, the record, and the filings in this case and does hereby find as follows:

1. PROCEDURAL HISTORY

On December 14, 2009, Plaintiff Frederick Banks filed a Motion for Temporary Restraining Order [16].[1] In his Motion [16], Plaintiff seeks a temporary restraining order enjoining Defendants Bruce Pearson, Chaplain Holsten and the Federal Bureau of Prisons ("BOP")[2] from preventing his equal access to the chapel to practice his religion, Thelema.[3]

---

[1]Plaintiff filed his motion before the Defendants were served with process. Once all Defendants were served with process, the court granted them an extension of time until July 7, 2010 to file their response to the motion. *See* Orders [23][25][28]; Text Order dated 7/1/2010.

[2]Plaintiff also sought relief against Harley Lappin; however, Lappin was dismissed from this action without prejudice on February 17, 2010. *See* Order [23].

[3]Thelema was founded by Alester Crowley, "a very powerful mystic and scholar from England." *See* Ex. A, Attachment 2 to Response [36-1] at 30. The central cornerstone of

1

Plaintiff claims he has been a practicing Thelemite since 1996. Plaintiff states that he has been trying to gain the right to practice his religion in the BOP system. Plaintiff claims he requested access to the chapel at the Federal Correctional Complex at Yazoo City in 2007. He claims he recently asked Chaplin Holsten about the status of his request and he told him it was never processed. Plaintiff resubmitted his request in 2009, and was informed on December 10, 2009 that it was denied. He claims that such denial violates his First Amendment and equal protection rights.

Plaintiff seeks the implementation of a Thelema group time of a least two hours a week at the chapel, materials, candles, incense, matches, robes, caldrons, salt, mixing bowls, pentagrams, "Anichs," outside land, access to the large screen and sound system in the big chapel, access to chapel instruments and equipment including the right to have literature displayed in the lobby, videos, DVD's and books in the chapel library.

Defendants filed their Response [36] in opposition to the motion on July 7, 2010, claiming that Plaintiff has failed to show the necessary elements to be entitled to the extraordinary relief a temporary restraining order.

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III

---

Thelema is "Do what thou wilt shall be the whole of the law." *Id*. "Thelema is a peaceful religion that accepts all faiths and the purpose is that you are going through life on a path and you encounter ordeals that you must use persisten[ce] and reasoning to work through." *Id.*

Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III. PETITIONER'S OBJECTIONS AND ANALYSIS

In his Objection to the Magistrate Judge's Report and Recommendation the Petitioner argues the case on the merits. What is before the Court is a Motion for a Temporary Restraining Order and the Magistrate Judge clearly set forth what is necessary to obtain a temporary restraining order. In his Report and Recommendation the Magistrate Judge went through each of the requirements and thoroughly addressed them. The Petitioner argues his case on the merits and makes conclusory statements representing facts to the Court.

The religion of Thelema is new to this Court, but apparently is a religion that Thelemites are authorized to do what they desire to do or to have complete freedom to act. Maybe Petitioner was practicing Thelema when he violated the laws of the United States and engaged in criminal conduct, resulting in his current incarceration. However, Thelema cannot be practiced in its purest form in a penitentiary setting because, of necessity, there are restrictions on activities of inmates. Indeed, one of the main reasons for incarcerating individuals is to restrict their activities.

In order to establish a right to relief in this Court, the Petitioner must show that the

restrictions or limitations imposed by penitentiary officials are a violation of his constitutional rights. This issue will be decided when this case is decided on the merits. This Court finds that the Motion for Temporary Restraining Order is without merit and should be **denied**.

IV. CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Banks' objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Frederick Banks' Motion for Temporary Restraining Order [16] be and the same is hereby **denied.**

SO ORDERED this, the 14th day of September, 2010.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE