IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FREDERICK BANKS

VS.                                                    CIVIL ACTION NO. 5:09cv147-KS-MTP

FEDERAL BUREAU OF PRISONS, ET AL

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION DISMISSING CLAIMS

This cause is before the Court on Defendant's Motion to Dismiss or In the Alternative, Motion for Summary Judgment [29], and *sua sponte* for evaluation under 28 U.S.C. § 1915(A). A Report and Recommendation has been made by Honorable Michael T. Parker [41], and Objection thereto has been filed by Plaintiff Frederick Banks, Reply thereto by Defendants. The Court has considered the pleadings, as well as the record in this case, and hereby finds as follows, to-wit:

### I. PROCEDURAL HISTORY

Plaintiff Frederick Banks is currently incarcerated in the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City"), serving a 123-month sentence after having been convicted of mail fraud (11 counts), copyright infringement, money laundering, uttering and possession of a counterfeit or forged security, and witness tampering in the United States District Court for the Western District of Pennsylvania, Cause Nos. CR 03-245 and CR 04-176. Plaintiff's projected release date is May 23, 2013. *See* Ex. 1 to Motion [29-1].

Plaintiff Frederick Banks, proceeding *pro se*, filed his original complaint [1] pursuant to 28 U.S.C. §1331 on September 8, 2009, naming the following Defendants: the Federal Bureau of

1

Prisons ("BOP"), L. Meese,[1] Chaplain Holsten, and the United States of America. In his original complaint, Plaintiff alleges the following claims: discrimination (regarding reduction in pay rates based on race and nationality); violation of the Equal Protection Clause (regarding reduction in pay rates and the denial of freedom of religion based on race and nationality); violation of the Privacy Act (regarding disclosure of time sheet and pay rate information); violation of various BOP Program Statements and C.F.R. sections (regarding disclosure of private files and information); false record keeping by the BOP (preventing him from transfer to another facility); violation of the Little Tucker Act;[2] and violation of the First Amendment and the Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. § 2000bb *et seq.* (regarding denial of access to the chapel and other religious material).

Plaintiff filed his Amended Complaint/Supplement to Complaint [3][4] (the same document) on September 18, 2009. In his first amended complaint, Plaintiff names the following additional Defendants: Lt. Crowe, C.O. Hern, Phillip Jackson, L. Chisolm, Bruce Person, M. Brown, C. Brown, V. Jones, Larry Randle, Eric Holder, and Dunn Lampton. Through his first amended complaint [3][4], Plaintiff adds the following claims: Phillip Jackson failed and/or refused to accept his administrative remedy requests; unreasonable searches and seizures by C. Brown, M. Brown, and V. Jones in violation of the Fourth Amendment, the Eighth Amendment, and the Little Tucker Act; Lt. Crowe and Lt. Hern deprived him of three meals; denial of medical care; failure to conduct proper six-month program review by Phillip Jackson, L. Chisolm, Bruce Pearson, and Larry Randle; and discrimination and violation of the Equal Protection Clause

---

[1]L. Meese was dismissed and substituted with C.O. Price. *See* Order [23].

[2]*See* 28 U.S.C. § 1491(a)(1); 28 U.S.C. § 1346(a).

(regarding searches based on his race and nationality).

Plaintiff filed his second amended complaint [5] on September 22, 2009, without leave of court, naming the following additional Defendants: Harley Lappin, Ms. Hamden, and the American Correctional Association ("ACA"). Plaintiff's second amended complaint contains allegations regarding overcrowding and conditions of confinement, which are completely unrelated to his original complaint and amended complaint, with the exception of paragraph 45 of the pleading (dealing with his program review). On February 17, 2010, the Court entered an Order [23] striking Plaintiff's second amended complaint [5], with the exception of Paragraph 45, containing allegations regarding the Defendants' failure to conduct a proper six-month program review based on discrimination, which denied him of the opportunity to be considered for transfer to another facility.[3]

On June 29, 2010, Defendants filed their Motion [29] to dismiss, or in the alternative, motion for summary judgment, claiming Plaintiff's complaint should be dismissed for the following reasons: 1) Plaintiff has failed to exhaust his administrative remedies; (2) Plaintiff fails to state a Privacy Act Claim; (3) there is no *Bivens* liability against the Bureau of Prisons; (4) Plaintiff has no constitutional right to be housed at any particular institution; (5) Plaintiff fails to state a claim under The Little Tucker Act; and (6) the Prison Litigation Reform Act precludes a damage award for emotional suffering without physical injury. Plaintiff filed his Response [33][34] in opposition to the Motion [29] on July 6, 2010.

---

[3]The Court also denied Plaintiff's Motion [7] for leave to file his third amended complaint. *See* Order [23].

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997).  No factual objection is raised when a petitioner merely reurges arguments contained in the original petition.  *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III.  PETITIONER'S OBJECTIONS AND ANALYSIS

In his Objection [46] and Supplemental Objection [47] the Plaintiff argues as follows:

1.  That the Magistrate Judge erred in recommending the pending motion be denied as moot for the reason that the Judge did not have the authority, etc.

2.  *Bivens*' claims under the Little Tucker Act were exhausted under the Prison Litigation Reform Act.

3.  The Little Tucker Act is not exempt because the plaintiff is an American Indian.

4.  The Little-Tucker Act is not applicable because the contract is not applicable.

5.  Plaintiff exercised all available remedies under the PLRA in this case.

In his analysis, Judge Parker addresses the issue of the *Bivens* action. It is well settled

4

that a *Bivens* action may be maintained only against a defendant in his individual capacity. Any claims under *Bivens* that the plaintiff asserts against the defendants in their official capacity are appropriately dismissed with prejudice. Likewise, the *Bivens* suit is not available for actions against the BOP, and the claims against the BOP should be dismissed with prejudice.

No argument or authority has been cited to the contrary by the plaintiff and, therefore, this portion of the recommendation is unchallenged and will be accepted.

*Unexhausted Claims.*

The Administrative Remedy Program as set forth in 28 C.F.R. §§ 542.10, et seq. is well known to plaintiff. The first step is an informal presentation to the prison staff. The second step is a formal request for administrative remedy. The third step is an appeal to the appropriate Bureau of Prisons regional director and the fourth step is an appeal to the general counsel. If these steps are not concluded, then the administrative remedies process has not been fully exhausted and the claims are improper. The Fifth Circuit takes a strict approach to the exhaustion requirement. There are certain exceptions, but the plaintiff has met none of those exceptions. The only claim that has been fully exhausted by plaintiff is his claim regarding false records. None of the other claims have been exhausted. However, plaintiff attempts to establish that an exception should be applicable because he attempted to exhaust his claims by presenting the paperwork to the defendant Phillip Jackson, a BOP counselor at FCC Yazoo City. The plaintiff's claims are conclusory and, based on the prior experience of Judge Parker with the plaintiff, the claims were found to be baseless. The plaintiff is a prolific litigator and is well familiar with the system and he has been successful in exhausting other claims.

*The Exhausted Claim.*

5

The claim that the BOP is maintaining false records in its central file is likewise not well taken. Judge Parker's Report and Recommendation goes through an exhaustive analysis as to why the claim, even if true, is baseless.

*Little Tucker Act Claim.*

The Little Tucker Act is a waiver of sovereign immunity for suits up to $10,000.00 in amount. It does not create a substantive claim. In order to prevail under the Little Tucker Act, plaintiff must present proof that he has a substantive claim. He is claiming that there was a contract claim to keep him safe and that his imprisonment with dangerous and mentally ill inmates violated that contract. Plaintiff has not established that he has a justiciable issue, in that he cannot make a case for contractual violation by the defendants, thus, his Little Tucker Act claim fails.

## IV. CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Banks' objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment [29] is **granted**. Plaintiff's claims under the Little Tucker Act and his claims regarding the application of security management variable based on false information, including his related claims under the Privacy Act, are **dismissed with prejudice**. Plaintiff's

remaining claims are **dismissed without prejudice** because of his failure to exhaust. All other pending motions are denied as moot.

    SO ORDERED this, the 17th day of September, 2010.

                                      *s/Keith Starrett*
                                      UNITED STATES DISTRICT JUDGE